Tuhey v. Donovan.

No. 22,541.

ELIZABETH TUHEY, *Appellee*, v. ANTON DONOVAN et al.,
*Appellants*.

SYLLABUS BY THE COURT.

CONTRACT—*Exchanging Real Estate for Home and Personal Care.* The
evidence considered, and held to establish a contract to give property
in exchange for a home and personal care.

Appeal from Washington district court; JOHN C. HOGIN,
judge. Opinion filed March 6, 1920. Affirmed.

*Edgar Bennett, F. C. Baldwin,* and *Frank H. McFarland,*
all of Washington, for the appellants.

*J. R. Hyland,* of Washington, and *Charles L. Hunt,* of Con-
cordia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enforce a contract to
convey real estate. The plaintiff prevailed, and the defend-
ants appeal.

The principal contention of the appellants is that no con-
tract was established.

Many years ago Rosina Donovan resided on the land, with
her husband and an unmarried daughter. Her husband died,
and afterwards, in the year 1903, the daughter was adjudged
insane, and was taken to an asylum. Mrs. Donovan was then
seventy-three years old, and having been left alone on the
farm, she broke up housekeeping, sold her household goods
and other personal property, and went to live with her mar-
ried daughter, the plaintiff. In 1904, the plaintiff, her hus-
band and her mother were together, and a conversation took
place, relating to Mrs. Donovan's living with her daughter.
The husband testified as follows:

"I says, 'Mrs. Donovan, are you going to make your home with me
all the time?' and she says, 'I guess I am; I have nowhere else to go.'
'Well,' I says, 'if you are, we would like to have some understanding to
know what we are going to get for taking care of you,' and she says,
'I am going to give Lizzie the place.' My wife was commonly called
Lizzie around the home. Mrs. Donovan had no other land than that
described in this petition."

Mrs. Donovan made her home with the plaintiff until her death, in July, 1917. In 1911 she became partially paralyzed. Two or three years later she lost her speech, lost use of her limbs, and was confined to her bed the greater part of the time. The last three years of her life she was quite helpless. During the entire period of her disability she was assiduously cared for by the plaintiff and members of her family.

The distinct purpose of the conversation referred to was to ascertain whether or not Mrs. Donovan intended to make her permanent home with her daughter, and if so, on what terms. Used in that connection, the expression "I am going to give the farm to Lizzie," was the equivalent of "I will give the farm to Lizzie." On Mrs. Donovan's side the proposition was that she would give the farm to Lizzie for a permanent home and care, and acceptance of the proposition lay in furnishing her the home and care she needed and desired. That such was the clear understanding of the parties was established by abundant corroborative evidence, which need not be rehearsed.

The judgment of the district court is affirmed.